IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS PENSION FUND, and STEPHEN A. WOOD and LONNIE SHEPPARD, in their representative capacities as trustees of the fund,<br><br>       Plaintiffs,<br><br> v.<br><br>MERCER HUMAN RESOURCE CONSULTING, INC.,<br><br>       Defendant. | 1:06-cv-1149-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint [31].

**I.  FACTUAL BACKGROUND**

This action involves a dispute regarding professional actuarial services performed by Defendant Mercer Human Resource Consulting, Inc. ("Mercer" or "Defendant") for the United Food and Commercial Workers Unions and Employers Pension Fund (the "Fund"). Plaintiffs Stephen A. Wood and Lonnie

Sheppard are trustees of the Fund. The Fund is an Employee Retirement Income Security Act ("ERISA") qualified pension fund.

Plaintiffs hired Mercer to provide annual actuarial statements for use by trustees of the Fund and to meet minimum funding levels as required by the Internal Revenue Code and ERISA. Plaintiffs allege that during the period of June 2000 through December 2002, actuarial reports provided by Mercer, and upon which Plaintiffs relied, were inaccurate and misleading. Plaintiffs claim, among other things, that Mercer breached contractual and other duties owed to the them when it inaccurately reported that the Fund had reached "full funding" status. Plaintiffs allege they relied on this inaccurate information in making decisions regarding pension payments made to Plan participants in the Fund. When the inaccuracies were discovered, the Fund significantly reduced pension payments to participants. Plaintiffs allege they ultimately suffered damages because they paid benefits which would not have been paid, but for the inaccurate information provided by Mercer. Plaintiffs also allege they incurred significant costs as a result of Mercer's breach of duties in performing services to the Fund.

Plaintiffs' original complaint alleges causes of action against Mercer for professional negligence and breach of contract. Plaintiffs now move to add a claim

for negligent supervision and retention. Plaintiffs claim that they learned, late in the discovery period, details regarding the manner in which the actuarial reports were prepared. These details allegedly support a claim that Mercer was negligent in supervising and retaining those individuals who were responsible for the work being performed for the Fund. Plaintiffs claim further that Mercer's negligent supervision and retention of its workforce caused their damages. Accordingly, Plaintiffs seek to amend their complaint by adding a negligent supervision and retention claim under O.C.G.A. § 34-7-20. Plaintiffs also seek to clarify the conduct in which Mercer allegedly engaged and to more fully state their damages. Mercer opposes the amendment, arguing the amendments would be futile and, if allowed, would be prejudicial.

## II. DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, a party may amend only by leave of court or by written consent of the adverse party. <u>See</u> Fed. R. Civ. P. 15(a). Although the rule instructs that "leave shall be freely given when justice so requires," a district court may deny leave to amend for a number of reasons, including undue delay, bad faith, undue prejudice to the Defendant or when such amendment would be

futile.  See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004); Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003) (upholding district court's denial of a motion to amend filed on the last day of discovery because it "would have produced more attempts at discovery, delayed disposition of the case, . . . likely prejudiced [the adverse party,] [and] . . . there [was] no good reason why [the movant] could not have made the motion earlier").  The decision whether to grant leave to amend rests in the sound discretion of the district court. Hall, 367 F.3d at 1262.

Defendant objects to the amendment on the grounds it would be futile and, if allowed, would be prejudicial.  The Court first addresses the futility argument.  For purposes of leave to amend, futility means that the claim or matter sought to be added to a "complaint as amended is still subject to dismissal," that is, because the amendment is "insufficient as a matter of law."  Burger King Corp. v. C.R. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999); see also Hall, 367 F.3d at 1263. Defendant's claim of futility does not meet this standard.  Mercer simply argues that the allegations sought to be added are "futile, because they are based on

4

mistakes of fact or law." (Def. Opp. to Pls. Mot. to Amend ("Def. Opp."), at 3.)[1] More specifically, Mercer asserts that Plaintiffs' proposed amendment "adds nothing to the case" and that "a negligent supervision cause of action is redundant and unnecessary." (Id.) Mercer also argues that Plaintiffs should not be permitted to amend their Complaint to allege that Mercer understated the Fund's liability because of a "failure to fully value the liability stemming from the Fund's level income option benefit due to a data error," because the Fund was responsible for correcting the error, not Defendant. (Id. at 3-4.) Mercer claims that unrefuted testimony of its employee, Debra Calhoun, supports this argument. Essentially, Mercer argues that the Court should accept this testimony to be dispositive on the issue, and thus it would be futile to allow Plaintiffs to assert their negligent supervision claim. Finally, Mercer claims that Plaintiffs' damages theory is fundamentally different than the theory described in the original Complaint. It objects to the inclusion of specific damages allegations on the grounds the Fund is "not required to plead their damages model or even any particular damages

---

[1] The Court notes that Defendant has failed to certify that its briefs meet the page and type limitations of Local Rule 5.1B. Such certification is required by Local Rule 7D and Mercer is reminded to certify its compliance in future submissions.

amount." (Id. at 8.) Mercer essentially argues that because this amendment is not necessary, it is futile to allow it. None of these arguments meets the standard for "futility" as espoused by the Eleventh Circuit – that Plaintiffs' complaint as amended would still be subject to dismissal.

Second, Mercer contends that the amendments proposed come "so late in the discovery period" that Mercer's preparation of its defense at trial would be prejudicial if allowed. Mercer argues this alone should prohibit the amendment, or if it is allowed, discovery must be extended.

Georgia law allows an independent claim for negligent supervision, and while Mercer may be correct that Plaintiffs' proposed amendment does not add much, if anything, to the case, Plaintiffs are entitled to assert it. See O.C.G.A. § 34-7-30; Remediation Res. Inc., v. Balding, 281 Ga. App 31, 34 (2006); Rogers v. Hurt, Richardson, Garner, Todd & Cadenhead, 203 Ga. App. 412, 417 (1992). The Court agrees that Plaintiffs' data error and damage theory claims may not be strong, but their viability depends on the facts. Plaintiffs point to sufficient evidence indicating this issue is not resolved by Ms. Calhoun's testimony and that Plaintiffs contest her testimony. Finally, Mercer essentially concedes Plaintiffs may alter their damages theory. The arguments advanced by Mercer that the

6

amendment is futile are unconvincing.  The Court finds the allegations sought to be added are not futile.  The viability of the amendments are better tested on a dispositive motion or at trial.

The Court agrees that these amendments are late in coming, and that alone imposes some prejudice to Mercer in its efforts to investigate and prepare the case for resolution.  The Court finds that Mercer is entitled to conduct additional discovery, provided it is reasonable and targeted to the amendments.  Thus, the Court will consider an enlargement of the discovery period for Mercer to conduct additional, reasonable discovery.  So that the Court may consider what additional time is reasonable, Defendant is directed to submit to the Court a detailed discovery plan specifying the specific additional discovery requested and the proposed discovery schedule.

### III.   CONCLUSION

Accordingly, and for the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint [31] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant is directed to submit to the Court a detailed discovery plan specifying the specific additional discovery

requested and the proposed discovery schedule.  This detailed discovery plan shall be submitted to the Court on or before March 30, 2007.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file and docket Plaintiff's First Amended Complaint for Damages as a separate pleading.

**SO ORDERED** this 28th day of March, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE